IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 2-21CR-025-Z |
| BART WADE REAGOR | |

INDICTMENT

The Grand Jury Charges:

Introduction

At all times material to this Indictment:

1. The Reagor Dykes Auto Group (RDAG) is the informal name used to refer to a collection of legal entities with similar ownership and control. **Bart Wade Reagor** exercised ownership, management, and control of the RDAG entities. The RDAG entities included the following:

| Established | Entity | Doing business as | Location |
|---|---|---|---|
| 2003 | Reagor Auto Mall Ltd | | Lubbock |
| 2006 | D and R Acquisitions LLC | | Lubbock |
| 2006 | R&D Investments Reinsurance Ltd | | Lubbock |
| 2006 | Reagor-Dykes Motors LP | Spike Dykes Ford Lincoln Mercury | Lamesa |
| 2008 | Tex-Fi Capital LLC | | Lubbock |
| 2010 | Reagor Dykes Auto Company LP | Reagor Dykes Ford Lincoln Mercury | Plainview |
| 2012 | Reagor Auto Mall Ltd | Reagor Dykes Direct Auto of Dallas | Dallas |

**Bart Wade Reagor**
Indictment - Page 1

| 2012 | Reagor-Dykes Motors LP | Reagor Dykes Auto Mall of Midland | Midland |
|---|---|---|---|
| 2012 | Reagor-Dykes Imports LP | Reagor-Dykes Mitsubishi | Lubbock |
| 2013 | Reagor-Dykes Amarillo LP | Reagor-Dykes Mitsubishi | Amarillo |
| 2013 | RD Executive Travel LLC | | Lubbock |
| 2013 | RD7 Investments LLC | | Lubbock |
| 2014 | Reagor Auto Mall Ltd | Reagor Dykes of Levelland | Levelland |
| 2015 | Reagor-Dykes Plainview LP | Reagor-Dykes Toyota | Plainview |
| 2015 | Reagor-Dykes Floydada LP | Reagor-Dykes Chevrolet | Floydada |
| 2016 | Reagor-Dykes Imports LP | Reagor Dykes of South Lubbock | Lubbock |
| 2016 | Reagor-Dykes Snyder LP | Reagor-Dykes Chevrolet Buick GMC Cadillac | Snyder |
| 2016 | Reagor-Dykes Amarillo LP | Reagor-Dykes Auto Mall of Amarillo | Amarillo |
| 2017 | Reagor Dykes Innovative Solutions LLC | | Lubbock |

2. The RDAG entities were primarily engaged in the business of selling new and used automobiles. They financed their inventory through the use of a "floor plan," which is a term used to describe a loan taken out by a dealership to purchase its vehicle inventory. Ford Motor Credit Company (FMCC) was one of the floor plan lenders for the RDAG entities.

3. D and R Acquisitions, LLC, (D and R) is a Texas limited liability company, of which **Reagor** was a 50% owner. D and R is an informal holding company associated with RDAG and was formed primarily to hold RDAG's real estate assets.

4. During the first quarter of 2017, FMCC conducted a floor plan audit of RDAG that had a negative outcome and placed RDAG in a weak cash position.

5. To obtain cash to continue operations, RDAG negotiated with International Bank of Commerce (IBC) for a working capital loan. IBC is a financial institution, and its deposits are insured by the Federal Deposit Insurance Corporation (FDIC).

6. D and R entered into a loan agreement with IBC, which was executed as of the initial closing date of July 13, 2017. The agreement included a $10,000,000 working capital loan and a consolidation of RDAG's real estate debt into a second $29,800,000 loan (later amended to $25,000,000). The loan agreement with the amendments included the following terms, among others:

   a) Advancing Term Loan - $10,000,000; to be advanced in two equal $5,000,000 advances (one at initial closing, and one at second closing);

   b) Purpose – Provide working capital to the borrower group; and

   c) Refinancing Term Loan – A second advance was to be made at second closing, to be scheduled concurrently with the execution of a mortgage note of up to $25,000,000 related to the refinancing of real estate of the borrower group.

7. IBC distributed the working capital loan proceeds to D and R in two tranches: $5,000,000 in July 2017 and another $5,000,000 in February 2018. The loan proceeds were to be disbursed to the various RDAG entities.

## Counts One and Two
## Bank Fraud
## (Violation of 18 U.S.C. § 1344(2))

8. The Grand Jury realleges paragraphs one through seven of this Indictment.

9. Beginning on or about a date unknown to the Grand Jury, but at least as early as October 22, 2016, and continuing to in or about January 2019, in the Northern District of Texas and elsewhere, **Bart Wade Reagor**, defendant, did knowingly and intentionally devise and execute and attempt to devise and execute a scheme and artifice to obtain, by means of materially false and fraudulent pretenses, representations, and promises, any of the moneys, funds, assets, securities, and other property owned by, and under the custody and control of International Bank of Commerce (IBC), a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

The manner and means of the scheme and artifice included, among other things, the following:

10. Reagor misrepresented an intended purpose of the loan, in that he omitted from disclosure to IBC and concealed from IBC the material fact that he planned to divert some of the proceeds from the working capital loan to **Reagor's** personal account for personal expenses.

11. After IBC funded the first $5,000,000 in loan proceeds to D and R Acquisitions, LLC as agreed, **Reagor** caused a portion of the proceeds to be transferred into **Reagor's** personal account, which he then used for personal expenses.

12. The loan agreement prohibited Reagor and others from diverting loan proceeds to their personal bank accounts, and IBC would not have approved the loan if Reagor and others had disclosed to IBC that some of the loan proceeds would be diverted to Reagor's and others' personal bank accounts and used for personal expenses.

13. On or about the dates specified as to each count below, in the Northern District of Texas, and elsewhere, **Reagor**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did knowingly cause to be placed in **Reagor's** personal bank account working capital loan proceeds from IBC:

| Count | Approximate Date | Deposit |
|---|---|---|
| 1 | July 14, 2017 | Bart Wade Reagor caused to be deposited a check in the amount of $766,277.77, funds from the IBC working capital loan, into his personal account, Prosperity Bank account XXXX569. |
| 2 | February 28, 2018 | Bart Wade Reagor caused to be deposited a check in the amount of $1,000,000.00, funds from the IBC working capital loan, into his personal account, Prosperity Bank account XXXX569. |

In violation of Title 18, United States Code, Sections 1344(2) and 2.

<u>Count Three</u>
False Statement to a Bank
(Violation of 18 U.S.C. § 1014)

14. The Grand Jury realleges paragraphs one through seven of this Indictment.

15. Beginning on or about a date unknown to the Grand Jury, but at least as early as October 22, 2016, and continuing to in or about February 2018, in the Northern District of Texas and elsewhere, **Bart Wade Reagor**, defendant, knowingly made a false statement for the purpose of influencing the lending action of International Bank of Commerce (IBC), a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC), that is, **Reagor** falsely represented the purpose of the loan was for working capital, when in truth and in fact, as the defendant well knew, the defendant intended to divert some of the loan proceeds to the defendant's personal bank account for the defendant's personal use and benefit.

In violation of Title 18, United States Code, Sections 1014 and 2.

## Forfeiture Notice
## (18 U.S.C. § 982(a)(2)(A))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

Upon conviction for any of the offenses alleged in Counts One, Two, or Three of this Indictment, **Bart Wade Reagor**, defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense, including, but not limited to, the following:

a. The proceeds traceable to the offense, in the form of a forfeiture "money" judgment.

b. $950,951.18 in United States currency seized by FBI on November 2, 2018, from Prosperity Bank account XXXX569.

If any of the property described above, as a result of any act or omission of a defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property from that defendant, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:    806-324-2356
Facsimile:    806-324-2399
E-mail:       joshua.frausto@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THE UNITED STATES OF AMERICA

v.

BART WADE REAGOR

INDICTMENT

COUNTS 1-2:   BANK FRAUD
Title 18, United States Code, Sections 1344(2) and 2.

COUNT 3:   FALSE STATEMENT TO A BANK
Title 18, United States Code, Sections 1014 and 2.

(THREE COUNTS)
FORFEITURE NOTICE

A true bill rendered:

Amarillo                                                          _____ Foreperson

Filed in open court this   22nd   day of   April  , A.D. 2021.

_____ Clerk

VOLUNTARY APPEARANCE

_____
UNITED STATES MAGISTRATE JUDGE

Bart Wade Reagor
Indictment - Page 10