IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CR-25-Z-BR-(1) |
| | § | |
| BART WADE REAGOR | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Indictment (ECF No. 34) ("Motion") requesting that the Court dismiss Counts One and Two of the Government's Indictment ("Indictment") for failure to state an offense. After considering Defendant's Motion, the Government's Response, and relevant Fifth Circuit case law, the Court **FINDS** that Defendant's Motion should be and is hereby **DENIED**.

### PROCEDURAL HISTORY

On April 22, 2021, a federal Grand Jury indicted Defendant on two counts of Bank Fraud pursuant to 18 U.S.C. § 1344(2) and one count of False Statement to a Bank pursuant to 18 U.S.C. § 1014. The Government filed the signed Indictment (ECF No. 1) on the same day. In charging Defendant with Bank Fraud, the Government alleges that Defendant misrepresented the intended purpose of a loan he received from International Bank of Commerce (IBC) and diverted loan proceeds to his personal account for personal expenses. ECF No.1 at 4, ¶ 10. On September 14, 2021, Defendant filed the Motion requesting the Court dismiss Counts One and Two of the Indictment.

LEGAL STANDARD

It is well-established law in the Fifth Circuit that "an indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *U.S. v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014). "The law does not compel a ritual of words, and an indictment's validity depends on practical, not technical, considerations." *U.S. v. Sanchez*, 502 F.App'x 375, 383 (5th Cir. 2012). Increased clarity is not the concern, but whether the indictment "conforms to minimal constitutional standards." *U.S. v. Devoll*, 39 F.3d 575, 579 (5th Cir. 1994). "An indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *U.S. v. Richard*, 775 F.3d 287, 292 (5th Cir. 2014). Further, "an indictment need not list every particular of the offense," but "simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Id.*

ANALYSIS

Defendant argues that the Indictment's allegations "do little" to provide him "notice of the allegations against which he must defend." ECF No. 34 at 4. Here, the Court finds the Government's Indictment adequately notices Defendant with sufficient information to put on a proper defense and to protect against Double Jeopardy.

Counts One and Two of the Indictment contain the essential elements of the offense charged and describe each element with particularity. ECF No. 1 at 4. The Indictment's language directly tracks the language in the Federal Criminal Code, alleging Defendant "did knowingly and intentionally devise and execute and attempt to devise and execute a scheme and artifice to obtain,

by means of materials false and fraudulent pretenses, representations, and promises, any of the moneys, funds, assets, securities, and other property owed by, and under custody and control of International Bank of Commerce, a financial institution ...." ECF No. 1 at 4, para. 9; *See* 18 U.S.C. § 1344. The Indictment's language goes beyond the required close tracking. It directly follows the language of the relevant statute and is sufficient to provide the required notice to Defendant.

Furthermore, the charge included in Counts One and Two of the Indictment is specific enough to protect Defendant against a subsequent prosecution for the same offense and allows Defendant to prepare a proper defense to the allegations raised. Defendant argues the Indictment alleges only a "single omission" and not any other series of acts or transactions that would constitute a "scheme or artifice" under 18 U.S.C. § 1344. ECF No. 34 at 1.

However, the Government argues, and the Court agrees, the Indictment provided enough specifics to give Defendant proper notice so that he can prepare his defense. ECF No. 37 at 6. Specifically, the Indictment alleges Defendant (1) "misrepresented an intended purpose of the loan ... omitted from disclosure to IBC and concealed from IBC the material fact that he planned to divert some of the proceeds from the working capital loan to [Defendant's] personal account ...;" (2) after receiving the first $5,000,000 in loan proceeds, Defendant "caused a portion of the proceeds to be transferred into [his] personal account; and (3) diverted these loan proceeds despite the loan agreement's prohibition that Defendant and others not divert loan proceeds to their personal bank accounts. ECF No.1 at 4-5, ¶ 10-12.

CONCLUSION

The Court finds that the Indictment provides adequate notice to the Defendant to prepare his defense and to protect defendant against Double Jeopardy. For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Indictment.

SO ORDERED

September 21, 2021

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE