IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA                 §
                                         §
Plaintiff,                               §
                                         §
v.                                       §           2:21-CR-25-Z-BR-(1)
                                         §
BART WADE REAGOR                         §
                                         §
Defendant.                               §

**ORDER**

Defendant's December 27, 2021 Motion to Enlarge Time for Filing Objections to the
Presence Report — which the government does not oppose—is hereby GRANTED, the new
deadlines are:

1.  The probation officer and parties shall file *written* **Sentencing Materials** pursuant to
    the schedule and deadlines set forth in the Paragraph 1 subparts below, which must
    conform to the writing, reference, and citation standards set forth in **Briefing Rules**
    detailed in Paragraph 2:

    a.  **Objections to PSR** — Parties objecting to the PSR must file *written* objections
        — and provide copies to the Court and to the counsel for the opposing party —
        **no later than January 18, 2022**.

    b.  **Responses to Objections to PSR** — The parties shall file *written* responses to
        the opposing party's objections to the PSR — and provide copies to the Court
        and to the counsel for the opposing party — **no later than January 25, 2022**.

c.  **Addendum** — If written objections to the PSR have been timely filed, the probation officer shall prepare an Addendum to the PSR — and provide copies to the Court and to the counsel for the opposing party — **no later than February 1, 2022**.

d.  **Objections to Addendum** — Parties objecting to the Addendum must file *written* objections — and provide copies to the Court and to the counsel for the opposing party — no later than **February 4, 2022**.  Parties not objecting to the Addendum must file their written notice of no objections — **no later than February 4, 2022**.

e.  **Replies to Objections to Addendum** — The parties shall file *written* replies to the opposing party's objections to the Addendum — and provide copies to the Court and to the counsel for the opposing party — **no later than February 9, 2022**.

f.  **Exhibits** – The parties shall file *all* Exhibits and provide copies to the Court and to the counsel for the opposing party — **no later than February 16, 2022**.

2.  All written materials — including the **Sentencing Materials** set forth in Paragraph 1 — must conform to the following **Briefing Rules**: the written materials should adequately brief the relevant facts, legal issues, and controlling law.  In most cases, the written materials should include:

    a. Relevant jurisprudence from the Supreme Court of the United States, United States Court of Appeals for the Fifth Circuit, United States District Courts in Texas, and state courts, if applicable;

    b. United States Sentencing Guidelines, sections, policy statements, commentary, application notes, and appendices; and

    c. Relevant government memoranda, policy statements, and advisory opinions, and case-specific facts, data, or information relevant to sentencing.

The party submitting written materials may seek, upon showing good cause, a short continuance to comply with these **Briefing Rules**.  Absent extraordinary circumstances, the parties will not be permitted to raise facts, issues, and arguments outside the *written* **Sentencing Materials**.

    3.   Each party shall deliver to the Court, the probation officer, and counsel for the parties **no later than February 16, 2022**, any other item the party wishes the Court to consider in connection with sentencing, including sentencing memoranda, character letters, and victim statements.[1] No sentencing memorandum will be longer than 25 pages in length. All character letters and victim statements written in a **foreign language** must be translated into English prior to submission to the Court. At the sentencing, character statements submitted via live testimony will be restricted to 5 minutes apiece.

    4.   A motion for a sentence above or below the advisory Guidelines range set forth in the PSR must be submitted in a **written form** that expressly states the facts in support and clearly indicates that the party is seeking (1) a "departure" under 18 U.S.C. § 3553(b)(1), Chapter 5, Part K of the Guidelines, (2) a "variance" outside the Guidelines pursuant to the district court's

discretionary authority under 18 U.S.C. § 3553(a), or (3) both. *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir.2011); *United States v. Herrera-Garduno*, 519 F.3d 526, 530–31 (5th Cir.2008). Such a motion shall be filed electronically with the district court and a copy shall be delivered to the United States Probation and Pretrial Services office **no later than February 16, 2022**.[2]

5.   Any party served with a motion for a sentence above or below the advisory guidelines range – whether identified as a departure, variance, or sentencing memorandum – shall electronically file a **written response** with the district court **no later than February 23, 2022**.

6.   The sentencing hearing is set for **March 10, 2022 at 10:00 a.m. in Amarillo, Texas, 1st Floor Courtroom.**

        **SO ORDERED**.

        December 29, 2021.

        _____
        MATTHEW J. KACSMARYK
        UNITED STATES DISTRICT JUDGE

---

[2] Motions for a sentence above or below the advisory guidelines range, whether seeking a "departure" or "variance," may be filed under seal electronically pursuant to Local Criminal Rule 55.3.