IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CR-25-Z-BR-(01) |
| | § | |
| BART WADE REAGOR | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion for Judgment of Acquittal ("Motion") (ECF No. 114), the Government's Response to Defendant's Motion for Judgment of Acquittal ("Response") (ECF No. 115), and Defendant's Reply (ECF No 118). Having considered the parties' briefings and arguments, the Court determines that Defendant's Motion should be and hereby is **DENIED**.

### BACKGROUND

On April 22, 2021, a grand jury indicted Defendant on two counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of false statement to a bank in violation of 18 U.S.C. § 1014. ECF No. 1. Following a jury trial, the jury returned a verdict, finding Defendant "not guilty" on both bank fraud counts but "guilty" of the false statement count. ECF No. 97. Defendant subsequently filed a Motion for Extension of Time to File Post-Verdict Motions, which the Court granted. ECF Nos. 104, 105. Subsequently, Defendant filed the instant motion now pending before the Court. Defendant moves for judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure or, in the alternative, for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 29, a defendant may move for judgment of acquittal challenging the sufficiency of the evidence to sustain a conviction. FED. R. CRIM. P. 29(a). This motion may be filed before the case is submitted to the jury or after the jury returns a guilty verdict or the court discharges the jury. FED. R. CRIM. P. 29(C).

Here, the Court must decide "whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014) (citations omitted). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The factfinder is "free to choose among reasonable constructions of the evidence," and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (citations omitted).

The Defendant's burden to meet this standard is high. *See United States v. Achobe*, 560 F.3d 259, 263 (5th Cir. 2008). Courts are "highly deferential to jury verdicts." *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010). The Fifth Circuit has frequently stressed "that all reasonable inferences and credibility choices must be made in favor of the jury verdict." *United States v. Deville*, 278 F.3d 500, 505 (5th Cir. 2002) (internal marks omitted).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Fifth Circuit has stated that "motions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (internal marks omitted). Such a remedy is

"warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.*

ANALYSIS

Defendant's primary argument for judgment of acquittal is that there was insufficient evidence for a jury to find that Defendant knew his statement to International Bank of Commerce ("IBC") was false when he made it. Defendant's argument fails because there was sufficient evidence for a rational jury to find that the Government met its burden of proving the elements of false statement to a bank beyond reasonable doubt.

Drawing all reasonable inferences and credibility choices in favor of the jury verdict, and having presided over all trial proceedings, the Court concludes that sufficient evidence existed for a rational jury to determine that: (1) Defendant made a false statement to IBC, as charged; (2) Defendant *knew* the statement was false when Defendant made the statement; (3) Defendant did so for the purpose of influencing a lending action of IBC, convincing IBC to give Defendant a loan for working capital; and (4) IBC was federally insured. Specifically, a rational jury could determine that the Government met its burden based on, but not limited to, the following evidence:

1. **Government's Exhibit 41**

    Email from Defendant to Shane Smith and Rick Dykes expressly stating "confidential" instructions for the diversion of the loan proceeds:

    "[H]ow we are going to manage this capital is 100000000% confidential between us and is not ANYONE ELSE'S BUSINESS!!!!!! NOBODY'S!!!!!!!!! NO BANKERS OR ANYONE ELSE!"

2. **Trial Testimony of Bill Schonacher, IBC President and CEO**

    GOVERNMENT: "If the defendant had told you in April 2017 that he intended to take a portion of the working capital loan for his own personal use and benefit, would you have approved the loan?"

    SCHONACHER: "I would not have." Trial Tr. Vol. 1, 50, ll. 1-5.

3. **Government's Exhibit 48**

    Recording of Defendant explaining *how* he used OPM to increase net worth:

    VIDEO: "You talk other people into giving you their money so you can use their money to increase your net worth. That's what I did. OPM ("Other People's Money") . . . most of y'all have no comprehension of the shit I've pulled off in this lifetime."

    At trial, Shane Smith testified that Defendant's OPM statements postdated the first distribution of the IBC loan. Trial Tr. Vol. 1, 252, ll. 17-21.

4. **Government's Exhibit 51**

    Recording of Defendant describing "mansion" *following* the first IBC loan disbursement:

    AUDIO: "Do you have what I have . . . a fucking mansion right there on 19th Street . . . I'm a bad motherfucker." Ex. 51, 0:09-0:20; Trial Tr. Vol. 1, 251 ll. 23-25.

    At trial, FBI Special Agent John Whitworth testified that $1.7 million of the IBC loan was diverted into Defendant's personal accounts and subsequently used to pay for renovations to Defendant's "mansion … on 19th Street." Trial Tr. Vol. 2, 383, ll. 3-8; Trial Tr. Vol.2, 401 ll. 9-17.

The above-cited exhibits and testimony are sufficient evidence for a rational jury to conclude that Defendant was guilty of making a false statement to a federally-insured bank beyond a reasonable doubt. Therefore, the Court FINDS that there was sufficient evidence to support the jury's determination that Defendant knowingly made a false statement to IBC.

CONCLUSION

For the above reasons, Defendant's Motion is **DENIED**. Defendant's alternate motion for grant of new trial pursuant to Rule 33 is also **DENIED** for the same reasons and the reasons stated in the Government's Response. ECF No. 115.

**SO ORDERED.**

December 30, 2021.

                                                          MATTHEW J. KACSMARYK
                                                          UNITED STATES DISTRICT JUDGE