

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | 2:21-CR-25-Z-BR-(1) |
| BART WADE REAGOR | |

## ORDER OF FORFEITURE

Before the Court is the government's motion for order of forfeiture. The Court GRANTS the motion, finding the following:

The defendant, Bart Wade Reagor, was charged by indictment with Bank Fraud (Counts One and Two) and False Statement to a Bank (Count Three). The forfeiture notice in the indictment advised Reagor that, upon his conviction for any of the offenses in the indictment, the Government would seek forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A), of any property constituting, or derived from, proceeds that Reagor obtained directly or indirectly as the result of the offense. The notice also advised Reagor that the forfeiture could take the form of a forfeiture "money" judgment. Subsequently, a jury convicted Reagor on Count Three of the Indictment. The evidence in the trial record establishes that Reagor obtained $1,760,000 as a result of the false statement underlying Count Three and subsequently spent or dissipated the $1,760,000.

Accordingly, the Court ORDERS the following:

Reagor shall forfeit $1,760,000, in the form of a "money" judgment, to the government, pursuant to 18 U.S.C. § 982(a)(2)(A) and Fed. R. Crim. P. 32.2(b)(1)(A). Under Fed. R. Crim. P. 32.2(b)(4), this forfeiture-based judgment shall become final as to Reagor at the time of sentencing, shall be made a part of his sentence, and shall be referenced in the criminal judgment.

Further, pursuant to 21 U.S.C. § 853(p), Reagor shall forfeit the $950,951.18 in United States currency seized by the FBI on November 2, 2018 from Prosperity Bank Account XXXX569 ("the property"), as a substitute asset. Reagor's interest in the property is forfeited to the government, subject to the provisions of 21 U.S.C. § 853(n).

Pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the property shall be seized by the United States Marshals Service (or a designee) and held in its secure custody and control pending a final order of forfeiture.

In accordance with 21 U.S.C. § 853(n)(l) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or its designee) shall post the following on an official government website (www.forfeiture.gov), for at least 30 consecutive days:  notice of this order of forfeiture; notice of the government's intent to dispose of the property; and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court no later than 60 days after the first day of the notice's publication on the official government website, and serve a copy of the petition on the Asset Forfeiture Unit, United States Attorney's Office, Northern District of Texas, 500 South Taylor Street, Suite 300, Amarillo, Texas 79101-2446.  The notice shall advise that the petition (1) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; (2) shall be signed by the petitioner under penalty of perjury; and (3) shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought.

Further, the government shall send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the property's forfeiture.  Pursuant to 21 U.S.C. § 853(n)(l), any person sent direct

written notice and wishing to assert an interest in the property must file a petition with the Court in the manner outlined above within 30 days of the receipt of the notice.

Upon adjudication of all third-party interests in the property, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) in which all interests will be addressed.

The Court retains jurisdiction to enforce this Order.

February 14, 2022.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE