```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         AMARILLO DIVISION

UNITED STATES OF AMERICA    §
                            §       CRIMINAL ACTION
VS.                         §
                            §       NO. 2:21-CR-025-Z (01)
BART WADE REAGOR            §

================================================================

         TRANSCRIPT OF HEARING ON OPENING STATEMENTS
         BEFORE THE HONORABLE MATTHEW J. KACSMARYK
                 UNITED STATES DISTRICT JUDGE

                      OCTOBER 11, 2021

                        VOLUME I OF I

                       AMARILLO, TEXAS

================================================================

                     A-P-P-E-A-R-A-N-C-E-S


FOR THE GOVERNMENT:       MR. JEFFREY R. HAAG and
                          MS. AMANDA R. BURCH
                          Assistant United States Attorneys
                          1205 Texas Ave., 7th Floor
                          Lubbock, Texas  79401

                                        AND

                          MR. JOSHUA FRAUSTO
                          Assistant United States Attorney
                          500 South Taylor, LB 238
                          Amarillo, Texas  79101-2442


FOR THE DEFENDANT:        MR. DAN L. COGDELL and
                          MR. NICHOLAS HAMILTON NORRIS
                          Jones Walker, LLP
                          811 Main Street, Suite 2900
                          Houston, Texas  77002

                                        AND
```

Stacy Mayes Morrison
Official Court Reporter

```
1   ALSO FOR DEFENDANT:        MR. DARREN TRAY PAYNE and
                               MR. MATTHEW DANE POWELL
2                              Payne, Powell & Truitt Law Group
                               2529 74th Street
3                              Lubbock, Texas   79423

4

5   COURT REPORTER:            MS. STACY MAYES MORRISON
                               Official Court Reporter
6                              205 E. 5th, LB #F13263
                               Amarillo, Texas   79101
7                              (806) 672-6219
```

25  Proceedings reported by mechanical stenography; transcript produced by computer.

PROCEEDINGS FOR OCTOBER 11, 2021

(The following took place in open court with the defendant present.)

THE COURT: Okay. You may be seated. And now the Court is prepared to offer guidance to the parties on the contours of opening statements.

There's multiple motions on file regarding testimony that is still subject to the Court's ruling on anticipated invocation of Fifth Amendment privilege. This Court will instruct Defense Counsel to not make reference to that witness.

To date, this Court has not yet ruled on whether the invocation of privilege is well founded. The Court will do it at that time. Until such material is before the Court, it should not be presented in opening statement, but depending on what is elicited at that moment, and if there's any direct and cross-examination or exhibits offered, the Court will allow you to make use of it in closing argument.

But, at this point, the Court is instructing and ordering Defense Counsel to not make reference to that particular witnesses and their invocation of the Fifth Amendment should that happen.

MR. COGDELL: To be clear, I do not intend on making reference to that witness' testimony or certainly any potential invocation.

1    I do intend to reference facts regarding that
2 witness because they are inexplicably intertwined with the
3 facts in this case.
4            THE COURT:  Okay.  Because opening statements are
5 different than closing arguments, and there is no correlative
6 evidence that yet relates to that particular witness, the
7 Court is ordering you not to make reference to the
8 prosecution or non-prosecution of that witness --
9            MR. COGDELL:  Absolutely.
10            THE COURT:  -- the invocation of the Fifth
11 Amendment right against self-incrimination.  And because the
12 parties weren't able to reach agreed stipulation on the facts
13 of what that witness --
14            MR. COGDELL:  Yes, sir.
15            THE COURT:  -- might testify to, you're not
16 permitted to do that either.
17            The Court has preliminarily determined under
18 Rule 401, 403, and the Order in Limine, specifically Page 4,
19 Paragraph L, and in reliance on Fifth Circuit Pattern Jury
20 Instruction 1.21, at this point, the Court will not allow
21 parties, either for the Government or the Defense, to go into
22 other proceedings.
23            So, for the Government, Mr. Haag, you may not make
24 reference to parallel proceedings that might involve the
25 check-kiting, the floor-plan fraud, or the wire fraud that

1  was involved in other parallel proceedings.

2  And then, in turn, the Defendant may not make
3  reference to any parallel civil proceedings, including
4  bankruptcy, civil, or tort proceedings, and also the
5  underlying facts therein.

6  So we are going to run this trial based on the
7  elements that appear in the Indictment that will be charged
8  to the jury.

9  I am reserving for further adjudication whether
10 this witness' invocation of the Fifth Amendment privilege
11 will elicit any testimony or exhibits, of course, subject to
12 cross-examination.  I'll make the various findings and
13 rulings on that.

14 Should it prove that there are materials that are
15 relevant, that are probative and outweigh any substantial
16 harm or prejudice, at that time, I'll permit the parties to
17 go a little bit deeper into that evidence, but at this point,
18 I don't see that it's relevant.  I don't see that it's
19 probative value outweighs the potential for harm or
20 prejudice, and so it will not be referenced in opening
21 statements.

22 **MR. COGDELL**:  Now, when you say "it," Your Honor,
23 you're referring to the parallel civil proceedings and the
24 other criminal cases?

25 **THE COURT**:  I'm referring to the witness that has

```
 1   been the subject of sealed litigation in this case, various
 2   motions.  Do not make reference to what he did or did not do.
 3           I understand your assertion that those facts are
 4   inexplicably linked, but I have been very adamant to the
 5   Government, we are not trying this case on the various
 6   check-kiting, floor plan, dummy shucking, or wire fraud that
 7   I have seen in multiple sentencings before this bench
 8   already.
 9           That was not charged.  That was not indicted in
10   this case.  I will not make -- I will not allow the
11   Government to make reference to that.  I will also not allow
12   the Defendant to make reference to the individual witness
13   that's the subject of that sealed motions practice, because
14   it is at this time not relevant.  It's potentially
15   prejudicial.  It outweighs the probative value to the jury at
16   this point.
17           But, as you both know, we anticipate the witness
18   presenting subject to the Sixth Amendment and your right to
19   compel that.  We will make findings.  The Court will find
20   whether -- you know, if that witness invokes his Fifth
21   Amendment, whether that is well founded.
22           And, at that point, if the evidence develops, then
23   I will allow you to carry that forward in the case and then
24   also to closing argument, but, at this point, it's simply not
25   relevant.
```

1                I will not allow the Government to try a case based
2     on guilt by association, nor will I allow the Defense to try
3     a case of not guilty by association.  So we are not doing
4     this case by association, but instead based on the elements
5     that are reflected in the Indictment that will appear in the
6     charge.  And I know we have a Charge Conference to get to.
7                And, at this point, I won't let the Government get
8     into ancillary facts, backgrounds, proceedings that I have
9     personally adjudicated at sentencing in multiple hearings.  I
10    know that there is a denominator of facts that are broader
11    than this case in this Indictment, but I won't let the
12    Government try a case guilt by association.  I will not allow
13    the Defendant to try a case of not guilty by association.
14               So we are doing it based on the Indictment that is
15    present, and you will not make reference to that witness in
16    your opening statements except for biographical or personal
17    background, not as it relates to any parallel proceeding.
18               Are those instructions clear to the Government?
19               **MR. HAAG**:  Yes.
20               **THE COURT**:  Are those instructions clear to the
21    Government?
22               **MR. HAAG**:  Yes, Your Honor.
23               **THE COURT**:  Are those instructions clear to the
24    Defendant?
25               So, to give you an example, I know that the

1   Indictment references floor plans as a basic structure to the
2   enterprise, but floor-plan schemes as they relate to parallel
3   criminal proceedings will not be referenced and will not be
4   presented either in statement or any part of this case.
5            In the same way, I will not allow various facts
6   that correlate to civil proceedings and investigations and
7   things of that sort to be referenced.
8            When that witness appears, we will adjudicate the
9   Fifth Amendment issues that are pending and under seal, and I
10  know this is an open court proceeding, so I don't want to
11  violate the confidence both sides have worked hard to
12  preserve.
13           But, again, at this point, at opening statements,
14  which are different than arguments post-evidence, this Court
15  will not allow reference to those facts.
16           Is that clear to the Defense?
17           **MR. COGDELL**:  It is not, Your Honor.  I don't know
18  how I can make an opening statement talking about the
19  dealerships and the individuals involved in the dealerships
20  without mentioning the relevant parties.
21           **THE COURT**:  You can mention the party without
22  mentioning the alleged malfeasance that was the target of an
23  investigation, a parallel civil proceeding, a parallel
24  bankruptcy proceeding.
25           **MR. COGDELL**:  I don't intend to -- for the record,

1  I went over my PowerPoint with Mr. Haag and showed him the
2  references that are the topic of this discussion, and he had
3  no objection to them.
4          **THE COURT**: Okay. And those were due by noon, and
5  I did not receive those copies. Have the parties now
6  finalized the agreed slides that will be presented in opening
7  statement?
8          **MR. HAAG**: Yes, Your Honor.
9          **THE COURT**: Okay. That may help and make sure that
10 we're all on the same page. Can you present those --
11         **MR. COGDELL**: I can send them --
12         **THE COURT**: -- in final form?
13         **MR. COGDELL**: -- electronically, Your Honor.
14         **THE COURT**: Okay.
15         **MR. COGDELL**: I can do that electronically.
16         **THE COURT**: Okay. And if I don't see anything in
17 those slides that runs afoul of what the Court intends here,
18 I think that will provide additional guidance, but I know we
19 have an early start time, so if you will submit those
20 electronically, they were due at noon, so they are untimely,
21 but I know we have all been working hard on an accelerated
22 pace.
23         **MR. HAAG**: May I approach, Your Honor?
24         **THE COURT**: You may approach.
25     **(Defense attorneys' sotto-voce conference.)**

Case 2:21-cr-00025-Z-BR Document 101 Filed 03/22/22 Page 10 of 12 PageID 1549
Hearing on Opening Statements (10/11/2021)

10

1        **MR. COGDELL**:  It's open -- it's Reagor open final
2   on this thumb drive.  There's three different ones.
3        **THE COURT**:  And I have the Government's copy.  It
4   is dated the October 9, 2021.  The opening slide is United
5   States versus Bart Wade Reagor.  Are these the slides the
6   Government intends to use in its opening statement?
7        **MR. HAAG**:  Yes, Your Honor.
8        **THE COURT**:  And consistent with the Court's order,
9   I'll now confirm that the Defendant has no objections to the
10  use of this set of slides, at least as a demonstrative in
11  opening statement?
12       **MR. COGDELL**:  Yes, sir.
13       **THE COURT**:  Okay.  And now we are printing a copy
14  of your slides, and this may clear up how the Order in
15  Limine, the Court's bench order today intersects with that
16  order to govern your opening statement.
17       Mr. Cogdell, is it the PowerPoint labeled Reagor
18  opening draft?
19       **MR. COGDELL**:  The one that says final, Your Honor.
20  There should be three of them on there, two or three of them
21  on there.  It says final.
22       **COURTROOM DEPUTY**:  I'm only showing a draft, if you
23  want to take this back.
24       **MR. COGDELL**:  Yeah.  Let me take it back and
25  download it again.  I'm sorry, Your Honor.

Case 2:21-cr-00025-Z-BR   Hearing on Opening Statements (10/11/2021)
Document 101   Filed 03/22/22   Page 11 of 12   PageID 1550

11

1    THE COURT:  No, I know.  And I obviously don't want
2 to delve into anything that is an attorney/client privilege
3 document, so I want to make sure that I'm looking at the
4 right material.
5    And we'll -- we'll stand in recess for five minutes
6 while we track down that document, and then I'll reconcile
7 that with my notes, and --
8    MR. COGDELL:  Yes, sir.
9    THE COURT:  -- then I'll give a final instruction
10 from the Court on opening statement, and then we can all get
11 back to work.
12    COURT SECURITY OFFICER:  All rise.
13    (Recess.)
14
15                    -------------------------
16
17    (Further proceedings continued in Sealed Motions Hearing
18 Volume I of I, 10/11/2021.)
19
20
21
22                    *  *  *  *  *  *
23
24
25

1    I certify that the foregoing is a correct transcript
2    from the record of proceedings in the above-entitled matter.
3    I further certify that the transcript fees format comply with
4    those prescribed by the Court and the Judicial Conference of
5    the United States.
6
7    s/Stacy Mayes Morrison            11/10/2021
     Stacy Mayes Morrison              Date
8    Official Court Reporter